[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11390
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20630-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANA JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 12, 2016)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.


PER CURIAM:


Dana Johnson appeals his conviction and 120-month sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.


I.


Johnson first challenges the district court's denial of his motion for judgment of acquittal. Johnson contends that the evidence presented at trial was insufficient to establish that he possessed knowingly a firearm.

We review de novo the denial of a motion for judgment of acquittal based on sufficiency of the evidence, "considering the evidence in the light most favorable to the Government, and drawing all reasonable inferences and credibility choices in the Government's favor." United States v. Capers, 708 F.3d 1286, 1296 (11th Cir. 2013). "We will not reverse unless no reasonable trier of fact could find guilt beyond a reasonable doubt." United States v. Farley, 607 F.3d 1294, 1333 (11th Cir. 2010).

2

Viewing the evidence in the light most favorable to the government, sufficient evidence exists from which a reasonable juror could conclude that Johnson was guilty beyond a reasonable doubt.  At trial, a police officer testified that he saw Johnson holding a handgun with an extended magazine and saw Johnson make a "tossing motion" with the hand that held the gun.  The jury was entitled to believe the officer's testimony and, because the officer's testimony was not "incredible as a matter of law," we are bound by the jury's credibility determination.  See United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997) ("[C]redibility determinations are the exclusive province of the jury.").

The officer's testimony was sufficient by itself for a reasonable juror to conclude that Johnson possessed knowingly a firearm.  In addition, the officer's testimony was corroborated by other evidence presented at trial, including evidence that (1) a handgun matching the officer's description was found in the area where Johnson was seen making a "tossing motion;" (2) a mixture of DNA, including Johnson's DNA type, was found on the handgun; and (3) Johnson's cell phone contained recent photographs of Johnson holding a firearm with an extended magazine.  On this record, sufficient evidence exists to sustain Johnson's conviction.

## II.

Johnson next contends that the district court erred in enhancing his base offense level, pursuant to U.S.S.G. § 2K2.1(a)(1).  Johnson argues  -- on appeal and for the first time -- that his earlier state convictions for resisting an officer with violence and for possessing cannabis with intent to sell constituted no "crime of violence" or "controlled substance offense" for purposes of section 2K2.1(a)(1).

Johnson concedes that his argument is foreclosed by this Court's decisions in United States v. Romo-Villalobos, 674 F.3d 1246, 1249 (11th Cir. 2012) (concluding that a Florida conviction for resisting an officer with violence constitutes a "crime of violence" under the guidelines), and United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014) (concluding that a conviction under Fla. Stat. § 893.13(1) is a "controlled substance offense" under the guidelines).  Thus, Johnson cannot show that the district court plainly erred in applying a sentencing enhancement under section 2K2.1(a)(1).

## III.

Johnson also challenges both the procedural and substantive reasonableness of his sentence.  He contends that his sentence is unreasonable procedurally because the district court calculated improperly his guidelines range.  Johnson next

4

argues that his sentence is unreasonable substantively because the district court failed to consider adequately certain mitigating factors.

We review the reasonableness of a final sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 591 (2007). The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors.[1]  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing a sentence, we first examine whether the district court committed a significant procedural error, such as calculating improperly the guidelines range, failing to consider the section 3553(a) sentencing factors, basing the sentence on clearly erroneous facts, or failing to explain adequately the chosen sentence. Gall, 128 S.Ct. at 597. After we have determined that a sentence is procedurally sound, we review the sentence's substantive reasonableness under the totality of the circumstances. Id.  A sentence substantively is unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788.

About procedural reasonableness, Johnson argues that the district court calculated improperly his guidelines range. We have already rejected -- as

---

[1] Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

foreclosed by this Court's decisions in <u>Romo-Villalobos</u> and in <u>Smith</u> -- Johnson's argument that the district court enhanced improperly Johnson's base offense level. Given Johnson's total offense level of 28 and his criminal history category of III, the district court calculated properly Johnson's sentencing range as between 97 and 120 months' imprisonment.[2] Johnson has failed to demonstrate that his sentence is unreasonable procedurally.

Johnson has also not shown that his 120-month sentence was substantively unreasonable. First, Johnson's sentence was within the applicable guidelines; we ordinarily expect such a sentence to be reasonable. <u>See Talley</u>, 431 F.3d at 788.

In determining Johnson's sentence, the district court considered expressly the section 3553(a) factors. Johnson has an extensive criminal history -- beginning when Johnson was ten years' old -- including convictions for drug offenses, attempted murder, and for resisting officers with and without violence. The district court expressed concern about Johnson's "nonstop history" of violent criminal activity. The district court also noted that, although Johnson had received relatively lenient treatment for many of his past crimes (most of which were nolle prossed, dismissed, or resulted in no action), Johnson had continued to "violate the laws in a very troubling way."

---

[2] Although Johnson's guidelines range was calculated initially as between 97 and 121 months' imprisonment, the upper end of the sentencing range was capped at 120 months: the statutory maximum sentence for Johnson's offense.

On appeal, Johnson argues that the district court failed to accord sufficient weight to certain mitigating factors. The district court considered expressly Johnson's relationship with his then-five-year-old son and Johnson's drug addiction. The district court also reviewed and adopted the findings of fact in the Presentence Investigation Report, which described Johnson's attention deficit hyperactivity disorder and which recognized that Johnson grew up without a father. Having considered Johnson's history and characteristics -- including this mitigating evidence -- the district court was within its discretion to conclude that the mitigating factors were outweighed by other factors, such as the need to protect the public, promote respect for the law, and to deter future criminal conduct. See United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) ("[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court.").

Given the record, we cannot say that the 120-month sentence failed to reflect the purposes of sentencing or that the district court committed "a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Pugh, 515 F.3d 1179, 1203 (11th Cir. 2008).

AFFIRMED.